## IN THE  UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LYONS,** | : | **CIVIL NO. 1:13-CV-2952** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **JEFFREY BEARD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims.  As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny

1

such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field.  Jones v. Bock,  549 U.S. 199, 204( 2007).   Upon consideration of this case, given the limited record before us, we conclude that it has not yet been shown that the plaintiff has had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), since we cannot discern whether all of the three purported strikes identified by the defendants would qualify as a "strike" for purposes of §1915(g)'s three strike rule.  Having made these findings, we recommend that the Court deny the motion to revoke *in forma pauperis* status, without prejudice to the defendants pursuing this matter on a more fully developed record.

## II.    Statement of Facts and of the Case

On December 9, 2013, the plaintiff, Eric Lyons, a state prisoner who is proceeding *pro se*, commenced this lawsuit. (Doc. 1.) Lyons' complaint raised a host

of constitutional concerns, but none of these concerns appeared to be of an imminently life-threatening nature, and in his motion for leave to proceed *in forma pauperis* Lyons does not allege that he faces any imminent threat to his life or safety. (Doc. 2.)  On the basis of this initial showing the Court provisionally granted Lyons leave to proceed *in forma pauperis*, and ordered his complaint served upon the defendants.  (Doc. 8.)

The defendants have now moved to revoke Lyons' *in forma pauperis* status, (Doc. 17.), citing three prior case dismissals suffered by Lyons between 1997 and 2005.  (Doc. 19.)  Because the defendants are forced to rely upon dated case dismissals in several instances to support this motion their current evidentiary presentation in support of the motion is understandably sparse in some respects. Thus, at the outset, the defendants provide us with the docket in <u>Lyons v. Ward</u>, No. 97-7583 (3d Cir.), an appeal that was resolved in a *per curiam* decision.  Notably, nothing in this docket indicates the basis for the *per curiam* decision, and the docket simply indicates a dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).  (Doc. 19, Ex. A.)

The defendants then cite the docket sheet in another, dated case <u>Lyons v. Horn</u>, No. 98-1596.  (W.D. Pa.)  That second docket, by itself, is also ambiguous, indicating that a motion to dismiss, or in the alternative for summary judgment, was granted by

the district court and that Lyons later filed an appeal which was dismissed for failure to prosecute. (Doc. 19, Ex. B.)

Finally, the defendants attach to their motion a screening dismissal order in a third case. Lyons v. Beard, No. 05-0786. (M.D. Pa.). This order dismissed Lyons' complaint without prejudice, and Lyons then chose to neither appeal this ruling, or amend this particular complaint. (Doc. 19, Ex. C.) On the basis of these limited court records, the defendants allege that Lyons has now suffered three strikes and is disqualified from proceeding *in forma pauperis* in this case.

For his part, Lyons has responded to this motion to revoke his *in forma pauperis* status by arguing that none of the purported strikes identified by the defendants could qualify as strikes under §1915(g). (Doc. 22.) This motion is fully briefed and, therefore, is ripe for resolution. For the reasons set forth below, it is recommended that the defendants motion to revoke in forma pauperis status be denied, without prejudice.

## II.   DISCUSSION

### A.   28 U.S.C. §1915(g)– The Legal Standard

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like Lyons who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A. One aspect of this review, a review

4

"designed to filter out the bad claims and facilitate consideration of the good," <u>Jones v. Bock</u>, 549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation.  Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 318-19 (3d Cir. 2001).  With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," <u>Brown v. City Of Philadelphia</u>, 331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed.  <u>Id</u>.

5

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the Court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted." Id.  Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014).  Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified, does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against a prisoner-plaintiff.  As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§

1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Thus, a summary judgment dismissal of an action typically will not count as a strike under §1915(g), unless the summary judgment decision, on its face, dismissed the action as frivolous malicious or for failure to state a claim. Parks v. Samuels, 540 F. App'x 146, 150 (3d Cir. 2014) citing Blakely v. Wards, 738 F.3d 607 (4th Cir.2013) (en banc).

Further, by its terms, §1915(g):

[S]peaks of possible strikes only in terms of "an action or appeal ... that was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g). Thus, "[u]nder the plain language of the statute, only a dismissal may count as a strike, not the affirmance of an earlier decision to dismiss." Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780 (10th Cir.1999). Also, . . . , "[t]he choice of the word 'dismiss' rather than 'affirm' in relation to appeals was unlikely an act of careless draftsmanship," but rather may be "most plausibly understood as a reference to section 1915(e)(2), which requires the court to '*dismiss* the case at any time if the court determines that ... the action *or appeal* ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted.' " Thompson, 492 F.3d at 436 (emphasis and alterations in original) (quoting 28 U.S.C. § 1915(e)(2)(B)(I), (e)(2)(B)(iii)). Therefore, a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike, while an affirmance of a district court's dismissal does not, even if the underlying dismissal itself counts as a strike.

Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Finally, the dismissal of a case without prejudice may nonetheless qualify as a strike under §1915(g), provided that the other requirements of the statute are met and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim." Childs v. Miller, 713 F.3d 1262, 1266 (10th Cir. 2013); Smith v. Veterans Admin., 636 F.3d 1306, 1313 (10th Cir. 2011); Day v. Maynard, 200 F.3d 665, 667 (10th Cir.1999) (per curiam).  However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless there is also a finding of frivolousness.  Butler v. Dep't of Justice, 492 F.3d 440, 441 (D.C. Cir. 2007) holding modified by Mitchell v. Fed. Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009)

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury"
> is an exception to the preclusive effect of the statute.  But the exception
> is cast in the present tense, not in the past tense, and the word "is" in the

> exception refers back to the same point in time as the first clause, i.e., the time of filing.  The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g).  To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).  The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

## B.     Application of §1915(g)'s Three Strike Rule  to This Lawsuit

Applying these legal benchmarks, we find that the defendants have not shown on the sparse record before us and available to them that Lyons has presently incurred three strikes.

At the outset, we note that the first purported strike identified by the defendants, Lyons v. Ward, No. 97-7583 (3d Cir.), cannot be counted against Lyons

10

on the current, incomplete factual record.  As reflected in the sole record before us, the case docket, <u>Lyons v. Ward</u>, No. 97-7583 (3d Cir.), was an appeal that was resolved in a *per curiam* decision.  Notably, nothing in this docket indicates the basis for the *per curiam* decision, and the docket simply indicates a dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).  (Doc. 19, Ex. A.)  As a matter of law a dismissal which simply references§ 1915(e)(2)(B) without further detailed findings will not constitute a strike under §1915(g).  <u>See</u> <u>Byrd v. Shannon</u>, 715 F.3d 117, 126 (3d Cir. 2013). Therefore, the spare documentation before us does not permit us to conclude that this 1998 dismissal qualifies as a strike.

In addition, we cannot conclude that the second purported strike identified by the defendants, the dismissal in <u>Lyons v. Horn</u>, No. 98-1596 (W.D. Pa.), qualifies as a strike.  Once again, the evidence before us consists solely of a docket sheet.  That second docket, by itself, is ambiguous, indicating that a motion to dismiss, or in the alternative for summary judgment, was granted by the district court and that  Lyons later filed an appeal which was dismissed for failure to prosecute.  (Doc. 19, Ex. B.) A summary judgment dismissal of an action will only qualify as a strike under §1915(g), if the summary judgment decision, on its face, dismissed the action as frivolous malicious or for failure to state a claim.  <u>Parks v. Samuels</u>, 540 F. App'x 146, 150 (3d Cir. 2014) <u>citing Blakely v. Wards</u>, 738 F.3d 607 (4th Cir.2013) (en

banc).  Thus, additional facts must be developed before this ruling could be found to

be a strike.  Further, the dismissal of this appeal for failure to prosecute would not,

on its face, constitute as strike under §1915(g).  <u>Butler v. Dep't of Justice</u>, 492 F.3d

440, 441 (D.C. Cir. 2007) <u>holding modified by</u> <u>Mitchell v. Fed. Bureau of Prisons</u>,

587 F.3d 415 (D.C. Cir. 2009).

Thus, at present we cannot find that at least two[1] of the three prior dismissals

cited by defendants qualify as strikes under §1915(g).  Therefore, this motion to

revoke the plaintiff's leave to proceed *in forma pauperis* should be denied without

prejudice to the defendants pursuing this matter on a more fully developed record.

## IV.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

defendants' motion to revoke the plaintiff's leave to proceed *in forma pauperis* (Doc.

17.) be DENIED without prejudice to the defendants pursuing this matter on a more

fully developed record.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in

---

[1]Since we have concluded that these first two strikes cited by the defendants
do not currently qualify, we have not reached the question of whether the
purported third strike, the dismissal without prejudice in <u>Lyons v. Beard</u>, No. 05-
0786. (M.D. Pa.), constitutes a strike under §1915(g).

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of April, 2014.


_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge