## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC LYONS,** | : | **CIVIL ACTION NO. 1:13-CV-2952** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY BEARD**, *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 23rd day of May, 2014, upon consideration of the report of Chief Magistrate Judge Martin C. Carlson (Doc. 29), recommending the court deny, without prejudice, defendants' motion (Doc. 17) to revoke the *in forma pauperis* status of plaintiff Eric Lyons ("Lyons") pursuant to 28 U.S.C. § 1915(g) (the "three strikes rule"), and, following an independent review of the motion, the court agreeing with the magistrate judge that the record as presently developed does not permit a finding that Lyons "has, on three or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," <u>id.</u>, and noting, as Judge Carlson did, that the evidence with respect to two of three cases identified by defendants, <u>Lyons v. Ward</u>, No. 97-7583 (3d Cir. 1997), and <u>Lyons v. Horn</u>, No. 98-1596 (W.D. Pa. 1998), consists solely of two ambiguous docket sheets, neither of which support the conclusion that the prior cases were dismissed for frivolity or failure to state a claim, and thus concluding that the three strikes rule is inapplicable at this stage, and it further appearing that neither party

has objected to the report, and that there is no clear error on the face of the record,[1] see

Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to

[a report and recommendation] in a civil proceeding may result in forfeiture of *de novo*

review at the district court level"), it is hereby ORDERED that:

    1.    The report of the magistrate judge (Doc. 29) is ADOPTED in its entirety.

    2.    Defendants' motion (Doc. 17) to revoke Lyon's *in forma pauperis* status is DENIED without prejudice.

    3.    This case is REMANDED to Chief Magistrate Judge Carlson for further proceedings.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.