IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC LYONS, | : | CIVIL NO. 1:13-CV-2952 |
| | : | |
| Plaintiff, | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| JEFFREY BEARD, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

This case comes before us for consideration of a second motion to revoke the

plaintiff's *in forma pauperis* status.  In the Prison Litigation Reform Act, Congress

established a series of procedures relating to prisoner civil litigation in federal court,

procedures "designed to filter out the bad claims and facilitate consideration of the

good."  Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these

reforms calls upon federal courts to perform a gatekeeping function with respect to

*pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing

frivolous or meritless claims.  As part of this statutorily mandated process, we are

obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in*

1

*forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that he is in imminent damage of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon, once again, to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good" in this field. Jones v. Bock, 549 U.S. 199, 204( 2007) Upon consideration of this case, we conclude that it has not yet been shown that the plaintiff has had three prior cases dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), since two of the dismissal orders entered here and cited by the defendants related to a failure to exhaust administrative remedies, and neither of these orders made an explicit finding that the complaint failed to state a claim. Quite the contrary, the premise of both dismissal orders was that Lyons still retained the right to bring this claim in the future. Since "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face *and the court then dismisses the unexhausted complaint for failure to state a claim,*" Ball v. Famiglio, 726 F.3d 448,

2

460 (3d Cir. 2013) <u>cert. denied,</u> 134 S. Ct. 1547 (U.S. 2014)(emphasis added), we conclude that these two failure-to-exhaust dismissals, which did not dismiss the complaint for failure to state a claim, do not qualify as "strikes" for purposes of §1915(g)'s three strike rule.  Having reached this conclusion, we recommend that the Court deny the motion to revoke *in forma pauperis* status.

## II.    Statement of Facts and of the Case

On December 9, 2013, the plaintiff, Eric Lyons, a state prisoner who is proceeding *pro se*, commenced this lawsuit. (Doc. 1.) Lyons' complaint raised a host of constitutional concerns, but none of these concerns appeared to be of an imminently life-threatening nature, and in his motion for leave to proceed *in forma pauperis* Lyons does not allege that he faces any imminent threat to his life or safety. (Doc. 2.)  On the basis of this initial showing the Court provisionally granted Lyons leave to proceed *in forma pauperis*, and ordered his complaint served upon the defendants.  (Doc. 8.)

The defendants then moved to revoke Lyons' *in forma pauperis* status, (Doc. 17.), citing three prior case dismissals suffered by Lyons between 1997 and 2005. (Doc. 19.)  Because the defendants were forced to rely upon dated case dismissals in several instances to support this motion their current evidentiary presentation in support of the motion was understandably sparse in some respects.  Thus, at the

outset, the defendants provided us with the docket in <u>Lyons v. Ward</u>, No. 97-7583 (3d Cir.), an appeal that was resolved in a *per curiam* decision. Notably, nothing in this docket indicates the basis for the *per curiam* decision, and the docket simply indicates a dismissal pursuant to 28 U.S.C. §1915(e)(2)(B). (Doc. 19, Ex. A.) The defendants then cited the docket sheet in another, dated case <u>Lyons v. Horn</u>, No. 98-1596. (W.D. Pa.) That second docket, by itself, was also ambiguous, indicating that a motion to dismiss, or in the alternative for summary judgment, was granted by the district court and that Lyons later filed an appeal which was dismissed for failure to prosecute. (Doc. 19, Ex. B.) Finally, the defendants attached to their motion a screening dismissal order in a third case. <u>Lyons v. Beard</u>, No. 05-0786. (M.D. Pa.). This order dismissed Lyons' complaint without prejudice, and Lyons then chose to neither appeal this ruling, or amend this particular complaint. (Doc. 19, Ex. C.) On the basis of these limited court records, the defendants alleged that Lyons had suffered three strikes and was disqualified from proceeding *in forma pauperis* in this case.

After reviewing this initial submission, we recommended that the defendants' motion to revoke *in forma pauperis* status be denied, without prejudice, since the defendants had not made a sufficient showing to justify revoking Lyons' *in forma pauperis* status. (Doc. 29.) The district court adopted this Report and Recommendation. (Doc. 31.)

4

The defendants have now renewed this motion, providing further factual detail in support of their motion.  (Docs. 37-39.)  In support of this renewed motion to revoke *in forma pauperis* status, defendants cite three prior dismissal orders entered in lawsuits previously filed by Lyons.  First, defendants cite the 1997 screening dismissal of a complaint in <u>Lyons v. Ward</u>, 3:CV-97-899, (M.D.Pa.), as a strike.  That dismissal order was explicitly grounded upon a failure to exhaust administrative remedies by Lyons.  (Doc. 39, Ex. A.)  Notably, though, nothing in this order "dismisse[d] the unexhausted complaint for failure to state a claim." <u>Ball v. Famiglio</u>, 726 F.3d 448, 460 (3d Cir. 2013) <u>cert. denied,</u> 134 S. Ct. 1547 (U.S. 2014).  Quite the contrary, the order, which dismissed the complaint without prejudice, seemed to plainly contemplate that Lyons could re-file this complaint after he exhausted his grievances.

The second strike cited by the defendants arises out of the appeal of the dismissal order in <u>Lyons v. Ward</u>, 3:CV-97-899, (M.D.Pa.).  In <u>Lyons v. Ward</u>, No. 97-7583, (3d Cir.), the court of appeals dismissed Lyons' appeal of this dismissal order pursuant to 28 U.S.C. §1915(e)(2)(B), but did so in terms that explicitly provided for Lyons to potentially re-file this complaint, stating that:  "The district court dismissed without prejudice, and thus Lyons may refile his complaint after exhaustion of his administrative remedies."  (Doc. 39, Ex. B.)  Thus, this order did

not appear on its face to meet the criteria for a failure-to-exhaust dismissal which would constitute a strike under §1915(g), that is a: "dismissal based on a prisoner's failure to exhaust administrative remedies . . . [where] a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." <u>Ball v. Famiglio</u>, 726 F.3d 448, 460 (3d Cir. 2013) <u>cert. denied,</u> 134 S. Ct. 1547 (U.S. 2014).

Finally, the defendants cited to a third dismissal order in <u>Lyons v. Beard</u>, 3:CV-05-786, as a third strike for the plaintiff.  (Doc. 39, Ex. C.)  Unlike the prior two strikes cited by the defendants, this dismissal order was based upon Lyons' failure to state a claim upon which relief may be granted.  Thus, it was a merits-based dismissal, albeit a merits dismissal that was entered without prejudice to Lyons attempting to file an amended complaint, something that he never endeavored to do.

The parties have fully briefed this motion, (Docs. 38 and 42.) and this matter is now ripe for resolution.  For the reasons set forth below, it is recommended that this motion to revoke Lyons' *in forma pauperis* status be denied.

## II.   **DISCUSSION**

### A.   **28 U.S.C. §1915(g)– The Legal Standard**

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like Lyons who seek leave to

proceed *in forma pauperis*.  28 U.S.C. §1915A.  One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones v. Bock,  549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation.  Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19 (3d Cir. 2001).  With this goal in mind, it is well-settled that, "generally, a prisoner may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia, 331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such lawsuits *in forma pauperis* should have their complaints dismissed.  Id.

When adjudicating a motion to revoke an inmate's *in forma pauperis* status, the parties face shifting burdens of proof, production and persuasion.  At the outset:

> [T]he initial production burden rests with the defendants.  Thus, when challenging a prisoner's *IFP* status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike.  However, in many instances, the docket records will not reflect the basis for the dismissal.  In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g).  Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike.

Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit.  Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights.  See Jennings v. Natrona County Det. Ctr. Med.

Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. Focusing on this statutory text, courts have held that a "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim." Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014). Similarly, a dismissal of an action "based on the immunity of the defendant, whether absolute or qualified,

does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes that the complaint reveals the immunity defense on its face and dismisses the unexhausted complaint under Rule 12(b)(6) or expressly states that the ground for the dismissal is frivolousness." Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014)

Furthermore, case law construing §1915(g) requires clarity regarding the grounds of dismissal before a dismissal order may count as a strike against a prisoner-plaintiff.  As the United States Court of Appeals for the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Adopting this very strict approach, it has been held that a dismissal order on an appeal which simply refers to 28 U.S.C. §1915(e)(2)(B), without specifying one of the subsections of the statute which also identify the dismissal as entered because the appeal was "frivolous," "malicious," or "fail[ed] to state a claim" does not constitute a strike. Byrd v. Shannon, 715 F.3d 117, 127 (3d Cir. 2013).  Similarly, a summary

judgment dismissal of an action typically will not count as a strike under §1915(g),

unless the summary judgment decision, on its face, dismissed the action as frivolous

malicious or for failure to state a claim.  Parks v. Samuels, 540 F. App'x 146, 150 (3d

Cir. 2014) citing Blakely v. Wards, 738 F.3d 607 (4th Cir.2013) (en banc).

Further, by its terms, §1915(g):

> [S]peaks of possible strikes only in terms of "an action or appeal ... that
> was dismissed" on one of the enumerated grounds, 28 U.S.C. § 1915(g).
> Thus, "[u]nder the plain language of the statute, only a dismissal may
> count as a strike, not the affirmance of an earlier decision to dismiss."
> Jennings v. Natrona Cnty. Det. Center Med. Facility, 175 F.3d 775, 780
> (10th Cir.1999).  Also, . . . , "[t]he choice of the word 'dismiss' rather
> than 'affirm' in relation to appeals was unlikely an act of careless
> draftsmanship," but rather may be "most plausibly understood as a
> reference to section 1915(e)(2), which requires the court to '*dismiss* the
> case at any time if the court determines that ... the action *or appeal* ... is
> frivolous or malicious; [or] fails to state a claim on which relief may be
> granted.' "  Thompson, 492 F.3d at 436 (emphasis and alterations in
> original)  (quoting  28  U.S.C.  §  1915(e)(2)(B)(I),  (e)(2)(B)(iii)).
> Therefore, a dismissal of an appeal on one of the enumerated grounds
> counts as a PLRA strike, while an affirmance of a district court's
> dismissal does not, even if the underlying dismissal itself counts as a
> strike.

Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S.
2014)

Finally, the dismissal of a case without prejudice may nonetheless qualify as

a strike under §1915(g), provided that the other requirements of the statute are met

and the action is dismissed explicitly because it is "frivolous," "malicious," or "fails

to state a claim." <u>Childs v. Miller</u>, 713 F.3d 1262, 1266 (10th Cir. 2013); <u>Smith v. Veterans Admin.</u>, 636 F.3d 1306, 1313 (10th Cir. 2011); <u>Day v. Maynard</u>, 200 F.3d 665, 667 (10th Cir.1999) (per curiam).  However, a dismissal for failure to prosecute, standing alone, may not qualify as a strike under §1915(g), unless there is also a finding of frivolousness.  <u>Butler v. Dep't of Justice</u>, 492 F.3d 440, 441 (D.C. Cir. 2007) <u>holding modified by</u> <u>Mitchell v. Fed. Bureau of Prisons</u>, 587 F.3d 415 (D.C. Cir. 2009)

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute.  But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing.  The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action.  Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

12

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to §
> 1915(g).  To the contrary, a court may discredit "factual claims of
> imminent danger that are 'clearly baseless,' i.e*.,* allegations that are
> fantastic or delusional and rise to the level of the 'irrational or wholly
> incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing
> Denton v. Hernandez, 504 U.S. 25, 33 (1992)).  The Supreme Court has
> directed that, in assessing a case under 28 U.S.C. § 1915, we are not
> required to accept without question the truth of the plaintiff's
> allegations.  See Denton, 504 U.S. at 32.  Rather, we may be guided by
> judicially noticeable facts in determining whether the allegations are
> baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

## B.   Application of §1915(g)'s Three Strike Rule  to This Lawsuit

Applying these legal benchmarks, we find that the defendants have not carried their initial burden of production and shown that Lyons has presently incurred three strikes.  We reach this conclusion because we find that the two failure-to-exhaust dismissals entered by the district court and court of appeals in Lyons v. Ward, 3:CV-97-899, (M.D.Pa.) and Lyons v. Ward, No. 97-7583, (3d Cir.), do not qualify as strikes under §1915(g), as that statute has been construed by the courts.  These two dismissal orders fail as §1915(g) strikes for two reasons.

13

First, neither dismissal order has the specificity required by law to constitute a strike.  "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Here, neither the district court's order, nor the court of appeals dismissal order, stated explicitly that the dismissal was because Lyons' action was "frivolous," "malicious," or "fails to state a claim."  Nor did the dismissal orders dismiss this case "pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013).  Further, the appellate court's dismissal order simply indicated a dismissal pursuant to 28 U.S.C. §1915(e)(2)(B). (Doc. 39, Ex. B.)  As a matter of law a dismissal which simply references§ 1915(e)(2)(B) without further detailed findings will not constitute a strike under

§1915(g).  See Byrd v. Shannon, 715 F.3d 117, 127 (3d Cir. 2013).  Therefore, this dismissal order cannot qualify as a strike.[1]

These dismissal orders are wanting in yet another regard.  When considering whether a dismissal for failure to exhaust administrative remedies qualifies as a strike under §1915(g), we are enjoined that a:  "dismissal based on a prisoner's failure to exhaust administrative remedies does not constitute a PLRA strike, unless a court explicitly and correctly concludes that the complaint reveals the exhaustion defense on its face and the court then dismisses the unexhausted complaint for failure to state a claim."  Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014).  Here, a fair reading of the dismissal orders in Lyons v. Ward, 3:CV-97-899, (M.D.Pa.) and Lyons v. Ward, No. 97-7583, (3d Cir.), does not permit us to find that the courts dismissed the unexhausted complaint for failure to state a claim.  Quite the contrary, both the district court and the court of appeals expressly held open the possibility that Lyons' claims could proceed after exhaustion, with the

---

[1]In their brief the defendants invite us to count these dismissal orders as strikes notwithstanding the language actually used by the Court, because the defendants, in effect, insist that the Court could not have meant what it said since virtually all dismissals for failure to exhaust are effectively dismissals with prejudice.  (Doc. 38, p. 4.)  We should decline this invitation.  In assessing the sufficiency of these orders as strikes under §1915(g) we are bound by prior courts actually said, and may not engage in a speculative, *post hoc* analysis of what they meant to say.

appellate court stating that: "The district court dismissed without prejudice, and thus Lyons may refile his complaint after exhaustion of his administrative remedies." (Doc. 39, Ex. B.) Therefore, these failure-to-exhaust dismissal orders simply may not characterized as dismissals for failure to state a claim, as required by Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014).

Thus, at present we cannot find that at least two[2] of the three prior dismissals cited by defendants qualify as strikes under §1915(g).  Therefore, this motion to revoke the plaintiff's leave to proceed *in forma pauperis* should be denied.

### IV.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to revoke the plaintiff's leave to proceed *in forma pauperis* (Doc. 37.) be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties,

---

[2]Since we have concluded that these first two strikes cited by the defendants do not currently qualify, we have not reached the question of whether the purported third strike, the dismissal without prejudice in Lyons v. Beard, No. 05-0786. (M.D. Pa.), constitutes a strike under §1915(g).

written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of October, 2014.


*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge