IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC LYONS,** | : CIVIL ACTION NO. 1:13-CV-2952 |
| **Plaintiff** | : (Chief Judge Conner) |
| v. | : |
| **JEFFREY BEARD,** *et al.*, | : |
| **Defendants** | : |

## ORDER & JUDGMENT

AND NOW, this 12th day of July, 2016, upon consideration of the report (Doc. 93) of Chief Magistrate Judge Martin C. Carlson, recommending that the court grant the remaining defendants' motion (Doc. 75) for summary judgment, wherein Judge Carlson opines that *pro se* plaintiff Eric Lyons ("Lyons") failed to fully exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997, (see Doc. 93 at 18-23); that Lyons' procedural due process claim regarding placement on the Department of Corrections' Restricted Release List ("RRL") is moot to the extent he seeks injunctive relief as he has already been removed from restricted housing and the RRL, and is without merit otherwise as Lyons fails to present any evidence tending to establish that periodic and annual reviews of his custodial designation were constitutionally inadequate, (see id. at 23-25); that Lyons' equal protection claim is without merit because he has not established that he was treated differently from other inmates in restricted housing, (see id. at 25-28); and that Lyons' retaliation claims fail for want of evidence tending to establish that any defendant subjected him to an adverse consequence born of

retaliatory motive, (see id. at 28-35), and it appearing that Lyons did not object to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court in agreement with Judge Carlson's recommendation,[1] and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

---

[1] Regarding Lyons' procedural due process claim, the court notes that the matter *sub judice* is distinct from the circumstances undergirding the recent decision in Shoatz v. Wetzel, No. 2:13-CV-657, 2016 WL 595337 (W.D. Pa. Feb. 12, 2016), which concluded that it was the province of the jury and not the court to decide whether correctional defendants deprived Shoatz of meaningful review of his placement on the RRL.  See id. at *11.  Unlike Shoatz, Lyons offers only a broad and generic challenge to his placement on the RRL but presents no evidence tending to establish that periodic reviews of his placement were constitutionally inadequate.  (See Doc. 93 at 24-25).  Further, Lyons procedurally defaulted his claim by failing to fully exhaust administrative remedies.  (See id. at 18-23).

1. The report (Doc. 93) of Chief Magistrate Judge Carlson is ADOPTED.

2. Defendants' motion (Doc. 75) for summary judgment is GRANTED.

3. Judgment is ENTERED against Lyons and in favor of the remaining defendants on Lyons' procedural due process, equal protection, and retaliation claims.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania